**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| TERRY WILLIAMS-ILUNGA, | No. 15-55599 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:14-cv-05415-DDP-AJW |
| DIRECTORS/TRUSTEES OF PRODUCER-WRITERS GUILD OF AMERICA PENSION PLAN; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted March 7, 2017
Pasadena, California

Before: REINHARDT, TASHIMA, and NGUYEN, Circuit Judges.

We affirm the dismissal of all three counts in Terry Williams-Ilunga's

("Williams") complaint.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. As to Count I, the jurisdictional dismissal in Williams' first federal action has preclusive effect with respect to the issue of subject matter jurisdiction. *See United States v. Van Cauwenberghe*, 934 F.2d 1048, 1057 (9th Cir. 1991); 18A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4436 (3d ed.). Under the issue preclusion doctrine, "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1303 (2015) ((quoting Restatement (Second) of Judgments § 27 (1980)). Here, the dismissal of Williams' first federal action satisfies all of these requirements with respect to subject matter jurisdiction. Williams is precluded from establishing subject matter jurisdiction in this case.

Dismissal of Williams' first action was not based on a "curable defect" in jurisdiction, but rather was based on *Rooker-Feldman*.[1] Under *Rooker-Feldman*, there is no defect to be cured: a subsequent federal claim is completely barred if it amounts to "a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004).

2. Assuming that Count II is premised on a benefits dispute under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), the claim was properly dismissed pursuant to the *Rooker-Feldman* doctrine. *Rooker-Feldman* bars federal jurisdiction where a plaintiff "complain[s] of a legal injury caused by a state court judgment, based on an allegedly erroneous legal ruling, in a case in which the federal plaintiff was one of the litigants." *Noel*, 341 F.3d at 1163. Here, the state court in a previous interpleader action entered an order purporting to resolve all

---

[1]"The *Rooker–Feldman* doctrine takes its name from *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Under *Rooker-Feldman*, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003)." In other words, *Rooker-Feldman* bars subject matter jurisdiction over cases in which "the losing party in state court file[s] suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005).

claims to the benefits in question. To the extent that Williams continues to dispute the amount of benefits to which she is entitled, her claim is barred because it "asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Id.*

If Count II is a claim for breach of fiduciary duty under ERISA § 502(a)(2) and (3), 29 U.S.C. § 1132(a)(2) and (3), Williams fails to state a claim upon which relief can be granted. The Plan itself cannot be sued for breach of fiduciary duty. *See Acosta v. Pac. Enters.*, 950 F.2d 611, 618 (9th Cir. 1991), *as amended on reh'g* (Jan. 23, 1992). Williams also fails to state a claim for breach of fiduciary duty against the the lawyer-defendants, Neelam Chandna, Jeffrey David Sackman, and the law firm of Reich, Adell & Cvitan. Lawyers may be treated as fiduciaries under ERISA only if they "perform more than the usual professional services." *Concha v. London*, 62 F.3d 1493, 1502 (9th Cir. 1995). Williams' threadbare factual allegations against the lawyer-defendants do not allege anything more than the provision of ordinary professional services.

3. Count III alleges a claim against all defendants for violation of ERISA § 510, 29 U.S.C. § 1140. On this count, Williams' prayer for relief "[a]gainst all defendants for the loss to [her] pension benefits because of the Willis [Qualified Domestic Relations Order ("QDRO")]" amounts to a request for equitable relief

from the effect of the Willis QDRO. In other words, Williams effectively seeks relief from the allegedly erroneous state court judgment in the interpleader action, which reaffirmed the validity of the Willis QDRO. Therefore, her § 510 action is barred by the *Rooker-Feldman* doctrine. *See Noel*, 341 F.3d at 1164.

4. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.